UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TYRONE NOEL | CIVIL ACTION |
| versus | NO. 12-2340 |
| NATE CAIN, WARDEN,<br>AVOYELLES CORRECTIONAL CENTER | SECTION: "E" (1) |

**REPORT AND RECOMMENDATION**

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE** as untimely.

Petitioner, Tyrone Noel, is a state prisoner incarcerated at the Avoyelles Correctional Center, Cottonport, Louisiana. On February 2, 2004, he pleaded guilty to two counts of armed robbery and one count of simple robbery under Louisiana law. On that same date, he was sentenced on each of the counts of armed robbery to a concurrent sentence of thirty-eight years imprisonment

without benefit of parole, probation, or suspension of sentence.[1] On February 4, 2004, he also pleaded guilty to being a second offender and was sentenced as such on the simple robbery conviction to a concurrent term of fourteen years imprisonment.[2] On January 11, 2005, the Louisiana Fifth Circuit Court of Appeal affirmed his convictions and sentences.[3] He did not seek review of that judgment by the Louisiana Supreme Court.

On April 29, 2005, petitioner filed an application for post-conviction relief with the state district court.[4] That application was denied on May 9, 2005.[5] His related writ applications were likewise denied by the Louisiana Fifth Circuit Court of Appeal on June 20, 2005,[6] and by the Louisiana Supreme Court on May 5, 2006.[7]

---

[1] State Rec., Vol. I of V, transcript of February 2, 2004; State Rec., Vol. I of V, minute entry dated February 2, 2004; State Rec., Vol. I of V, guilty plea form.

[2] State Rec., Vol. I of V, transcript of February 4, 2004; State Rec., Vol. I of V, minute entry dated February 4, 2004; State Rec., Vol. I of V, guilty plea form.

[3] State v. Noel, No. 04-KA-925 (La. App. 5th Cir. Jan. 11, 2005); State Rec., Vol. III of V.

[4] State Rec., Vol. III of V. The United States Fifth Circuit Court of Appeals has held that federal *habeas* courts must apply Louisiana's "mailbox rule" when determining the filing date of a Louisiana prisoner's *pro se* state court filing, and therefore such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system." Causey v. Cain, 450 F.3d 601, 607 (5th Cir. 2006). Here, that date cannot be gleaned with certainty from the record; however, because the application was accompanied by a cover letter dated April 29, 2005, it obviously was placed in the mail no earlier than that date.

[5] State Rec., Vol. III of V, Order dated May 9, 2005.

[6] State v. Noel, No. 05-KH-621 (La. App. 5th Cir. June 20, 2005); State Rec., Vol. III of V.

[7] State *ex rel.* Noel v. State, 927 So.2d 305 (La. 2006) (No. 2005-KH-2139); State Rec., Vol. III of V.

On September 24, 2006, petitioner filed a motion to correct illegal sentence with the state district court.[8] That motion was denied on October 17, 2006.[9] Petitioner then requested and was granted leave to seek review of that denial by filing a writ application with the Louisiana Fifth Circuit Court of Appeal on or before February 2, 2007;[10] however, he never filed any such writ application.

It subsequently came to light that the Louisiana Fifth Court of Appeal had for many years employed a procedure which ran afoul of the state constitution's requirements. State v. Cordero, 993 So.2d 203, 204-05 (La. 2008). Specifically, from February 8, 1994, to May 21, 2007, the Court of Appeal assigned a single judge to review all *pro se* post-conviction writ applications despite the state constitutional requirement that it "sit in panels of at least three judges." La. Const. art. V, § 8(A). As a result, in Cordero, the Louisiana Supreme Court decided that writ applications alleging this deficiency during the relevant period would be remanded to the Louisiana Fifth Circuit Court of Appeal for a properly conducted re-review. On July 11, 2008, petitioner filed such an application with the Louisiana Supreme Court,[11] and, on October 10, 2008, that application was

---

[8] State Rec., Vol. III of V. The certificate of service was dated September 24, 2006, and the Court will therefore assume that was the date the motion was given to prison officials for mailing.

[9] State Rec., Vol. III of V, Order dated October 17, 2006.

[10] State Rec., Vol. III of V, Order dated January 11, 2007.

[11] State Rec., Vol. IV of V. The accompanying "Writ Application Filing Sheet" is dated July 11, 2008, and so the Court will assume the application was given to prison officials for mailing on that date.

transferred to the Court of Appeal for consideration.[12] The Court of Appeal then denied relief on February 24, 2010,[13] and the Louisiana Supreme Court likewise denied relief on April 1, 2011.[14]

Over one year later, petitioner filed the instant federal application for *habeas corpus* relief on August 22, 2012.[15] The state filed a response arguing that the federal application was untimely.[16] The state is correct.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his underlying criminal judgment becomes "final."[17] On that point, the United States Fifth Circuit Court of Appeals has explained:

> The statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is

---

[12] State *ex rel.* Noel v. State, 993 So.2d 1211 (La. 2008) (No. 2008-KH-1859); State Rec., Vol. IV of V.

[13] State *ex rel.* Noel v. State, No. 08-WR-1003 (La. App. 5th Cir. Feb. 24, 2010); State Rec., Vol. II of V.

[14] State *ex rel.* Noel v. State, 60 So.3d 1242 (La. 2011) (No. 2010-KH-0689); State Rec., Vol. V of V.

[15] Rec. Doc. 1.

[16] Rec. Doc. 9.

[17] Although 28 U.S.C. § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions are not applicable in the instant case.

> entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court. Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003). *However, "[i]f the defendant stops the appeal process before that point," ... "the conviction becomes final when the time for seeking further direct review in the state court expires."* Id. at 694; see also Foreman v. Dretke, 383 F.3d 336, 338 (5th Cir. 2004) (Section 2244(d)(1)(A) gives alternative routes for finalizing a conviction: either direct review is completed or the time to pursue direct review expires).
>
> Although federal, not state, law determines when a judgment is final for federal habeas purposes, a necessary part of the finality inquiry is determining whether the petitioner is still able to seek further direct review. See Foreman, 383 F.3d at 338-39. As a result, this court looks to state law in determining how long a prisoner has to file a direct appeal. See Causey v. Cain, 450 F.3d 601, 606 (5th Cir. 2006); Roberts, 319 F.3d at 693. *Louisiana Supreme Court Rule X, § 5(a) states that an application "to review a judgment of the court of appeal either after an appeal to that court ... or after a denial of an application, shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal."*

Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008) (emphasis added).

In the instant case, the Louisiana Fifth Circuit Court of Appeal affirmed petitioner's convictions and sentences on January 11, 2005, and it mailed notice of that judgment on that same date.[18] As a result, petitioner had only until February 10, 2005, to seek review of that judgment in the Louisiana Supreme Court. Because he failed to file a writ application with that court by that deadline, his state criminal judgment became final for the purposes of the AEDPA, and his federal limitations period therefore commenced, on that date. See id. at 317-18. The federal limitations period then expired one year later, unless that deadline was extended through tolling.

---

[18] State Rec., Vol. I of V, Certificate of Mailing.

The Court first considers statutory tolling. Regarding the statute of limitations, the AEDPA expressly provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

After seventy-seven (77) days elapsed, petitioner tolled the federal limitations period by filing his post-conviction application with the state district court on April 29, 2005. Tolling then continued uninterrupted for the duration of the post-conviction proceedings, so long as he sought supervisory review in a timely manner. Grillette v. Warden, Winn Correctional Center, 372 F.3d 765, 769-71 (5th Cir. 2004). The state concedes that petitioner's related supervisory writ applications were timely filed and that tolling therefore continued until the Louisiana Supreme Court denied relief on May 5, 2006.[19]

At that point, the limitations period then resumed and ran for an additional one hundred forty-one (141) days before again being tolled by petitioner's filing of the motion to correct illegal sentence on September 24, 2006. As noted, after that motion was denied, petitioner requested and was granted leave to seek review of that denial by filing a writ application with the Louisiana Fifth Circuit Court of Appeal on or before February 2, 2007. However, because he never in fact

---

[19] Rec. Doc. 9, p. 12. A petitioner receives no additional tolling credit for the period during which he could have sought review by the United States Supreme Court with respect to the denial of post-conviction relief. Lawrence v. Florida, 549 U.S. 327, 332 (2007); Ott v. Johnson, 192 F.3d 510, 512-13 (5th Cir. 1999).
   The Court additionally notes that former Chief Judge Helen G. Berrigan suspended all prescriptive periods in this Court from September 1, 2005, through November 25, 2005, as a result of Hurricane Katrina. See, e.g., Mark v. Michael, Civ. Action No. 08-1261, 2008 WL 4365929, at *2 (E.D. La. Sept. 23, 2008). However, that period of suspension is irrelevant here, in that petitioner is already entitled to tolling for that period based on his state post-conviction application.

filed any such writ application, his federal limitations period then resumed running no later than February 2, 2007, when his time expired for seeking further review.

In that petitioner then had only one hundred forty-seven (147) days of the federal limitations period remaining, he had only until June 29, 2007, to file his federal application, unless the limitations period was again tolled by a properly filed application for state post-conviction or other collateral review. Because he had no other such applications pending at any time on or before June 29, 2007, he clearly is not entitled to further statutory tolling.[20]

The Court must next consider equitable tolling. The United States Supreme Court has expressly held that the AEDPA's statute of limitations is subject to equitable tolling. Holland v. Florida, 130 S.Ct. 2549, 2560 (2010). That said, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 2562 (internal quotation marks omitted); see also Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances"). A petitioner bears the burden of proof to establish entitlement to equitable tolling. Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002).

---

[20] During that period, petitioner did file various motions seeking transcripts and other records. However, it is clear that such motions cannot fairly be considered "application[s] for State post-conviction or other collateral review" for tolling purposes because they are preliminary in nature and do not directly call into question the validity of a petitioner's conviction or sentence. Higginbotham v. Tanner, Civ. Action No. 10-1130, 2011 WL 3268128, at *1 (E.D. La. July 29, 2011); Parker v. Cain, Civ. Action No. 02-0250, 2002 WL 922383, at *2 n. 22 (E.D. La. May 1, 2002), certificate of appealability denied, No. 03-30107 (5th Cir. June 23, 2003); Boyd v. Ward, Civ. Action No. 01-493, 2001 WL 533221, at *4 (E.D. La. May 15, 2001), certificate of appealability denied, No. 01-30651 (5th Cir. Aug. 22, 2001).

In the instant case, petitioner argues that his federal application is timely in light of the additional round of collateral review he was accorded as a result of Cordero.[21] He is incorrect. It is clear that the additional Cordero review did not "reset" his federal statute of limitations and that where, as here, a petitioner's federal limitations period had expired *prior* to Cordero, the additional review accorded as a result of the Cordero procedure is simply irrelevant. Lane v. Rogers, Civ. Action No. 12-340, 2012 WL 3159656, at *3 (E.D. La. Aug. 2, 2012) ("Any additional review accorded to Petitioner pursuant to Cordero is not a basis for statutory or equitable tolling."); Nellon v. Cain, Civ. Action No. 10-4430, 2012 WL 1142539, at *5 (E.D. La. Jan. 25, 2012), adopted, 2012 WL 1089232 (E.D. La. Mar. 30, 2012); Thomas v. Tanner, Civ. Action No. 10-1795, 2011 WL 4344605, at *4-8 (E.D. La. Aug. 23, 2011), adopted, 2011 WL 4345076 (E.D. La. Sept. 15, 2011).[22] Further, petitioner has brought forth no evidence demonstrating that he is entitled to such tolling on any other basis, and this Court knows of no reason that would support equitable tolling of the statute of limitations.

Because petitioner is entitled to neither further statutory nor equitable tolling, his federal application for *habeas corpus* relief had to be filed on or before June 29, 2007. Because his federal application was not filed until August 22, 2012,[23] it is untimely.

---

[21] Rec. Doc. 1, p. 15.

[22] Moreover, in any event, the Court notes that petitioner's Cordero review concluded on April 1, 2011, and he thereafter waited more than sixteen additional months before filing his federal application. That period alone would be sufficient to render petitioner's federal application untimely.

[23] "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court." Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003).

**RECOMMENDATION**

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Tyrone Noel be **DISMISSED WITH PREJUDICE** as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[24]

New Orleans, Louisiana, this fifth day of December, 2012.



**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

Petitioner signed the memorandum accompanying his application on August 22, 2012; therefore, the application could not have been placed in the prison mailing system any earlier than that date.

[24] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.